# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KELLY BATES, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:14-CV-386-PRC |
| ) | |
| CHARLES D SULLIVAN and E & R TOWING ) | |
| & GARAGE, ) | |
|     Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Bar Plaintiff's Claim for Lost Wages and Future Loss of Income [DE 29], filed by Defendants Charles D. Sullivan and E & R Towing & Garage, Inc. on March 3, 2016. Though the Motion's title implies that Defendants ask the Court to bar the claim, Defendants only ask the Court to bar introduction of evidence of the claim. For the reasons set forth below, the Court grants the motion.

## BACKGROUND

Plaintiff initiated this cause of action alleging negligence by Defendants that resulted in a car accident, from which Plaintiff sustained injuries, damages, harms, and losses.

On October, 20, 2014, Plaintiff responded to Defendants' Requests for Production. In response to a request for tax returns, Plaintiff indicated that "Plaintiff is not making a claim for lost wages." (Def.'s Ex. B. 3).

Defendants' Interrogatory No. 7 asks Plaintiff to provide her wage rate or salary at the time of the traffic accident, the dates she missed work, and the total amount of wages, income, or salary lost because of the accident. On October 31, 2014, Plaintiff responded that "I did miss some time from work due to my injuries and medical care. . . . I work on commission, so it is very difficult to state the amount of money I lost or the opportunities I missed out on." Supplemental responses to the Interrogatories filed in February 2015 did not alter this response.

At her deposition on April 22, 2015, Plaintiff said that she had not put a dollar amount on the income she lost as a result of the accident and reiterated that it is hard to estimate a number.

On March 3, 2016, Defendants filed the instant motion, in which they ask the Court to prevent Plaintiff from introducing evidence of past and future lost income. The Court set a briefing schedule for the Motion, and Plaintiff filed a timely response on April 12, 2016. Defendants filed a reply on April 14, 2016.

**ANALYSIS**

In the instant motion, Defendants argue that, because Plaintiff has failed to turn over any evidence in discovery regarding the amount claimed as lost income, Plaintiff should not be permitted to present evidence on this issue.

Federal Rule of Civil Procedure 26(e) requires parties to supplement responses to requests for production and interrogatories in a timely manner. Rule 37(c) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiff argues that she was not required to supplement her discovery responses because Rule 26(e) only requires supplementation of expert reports. Plaintiff is incorrect. In addition to supplementing expert reports, the Rule mandates that a party "who has responded to an interrogatory [or] request for production . . . must supplement or correct its . . . response . . . in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). Parties bear the duty to supplement their discovery responses.

Plaintiff next argues that, even if she is required to supplement her discovery responses, the preference is for cases to be determined on their merits. *See Talbert v. City of Chicago*, 236 F.R.D. 415, 419 (N.D. Ill. 2006) (citing *Salgado by Salgado v. General Motors Corp.* 150 F.3d 735, 739

2

(7th Cir. 1998)). Though this maxim is true, the preference is not determinative. This preference must be weighed alongside other considerations, such as the goal of the rules governing discovery to prevent trial by ambush, *see Only the First, Ltd. v. Seiko Epson Corp.*, 822 F. Supp. 2d 767, 778 (N.D. Ill. 2011). The preference for merits-based determinations is not enough, so evaluation of any substantial justification or harmlessness of the failure to supplement is warranted.

Plaintiff does not argue that her position was substantially justified, but she does assert that the factors courts use in determining harmlessness weigh in favor of not barring evidence of lost wages. The determination of harmlessness is within the district court's discretion and is guided by these factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

The prejudice to Defendants is considerable. Plaintiff has never identified the amount of lost wages that she is claiming. In preparing for trial, Defendants would have no ability to determine whether a challenge to the amount claimed is necessary in addition to any challenges to liability. Relatedly, Defendants have no ability to cure this prejudice, as the only way to know the amount of damages claimed is through Plaintiff disclosing this amount. It cannot be learned through alternative means. Plaintiff argues that Defendants could subpoena employment records—and Defendants have done so—but Defendants are correct in their argument that these records do not clarify an amount of loss Plaintiff alleges is attributable to the Defendants' actions at issue. Further, Plaintiff's response to Defendants' Request for Production No. 8 indicated that she was not making a claim for lost wages, and Defendants should be permitted to rely on this unchanged statement.

On the other hand, the trial date does not appear to be in jeopardy because Defendants neither ask for a continuance nor indicate that additional discovery is needed. Further, there are no direct

allegations of bad faith or willfulness, and Plaintiff's incorrect argument that discovery responses need not be supplemented suggests that Plaintiff is not knowingly evading her duty.

Ultimately, though the Court prefers cases to be decided on the merits, the Court cannot find that Plaintiff's failure to supplement her discovery responses is harmless. The prejudice to Defendants would be significant and virtually incurable. Additionally, no substantial justification for Plaintiff's failure to supplement has been provided. Therefore, pursuant to Rule 37(c)(1), Plaintiff is barred from introducing evidence of lost wages or income.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Bar Plaintiff's Claim for Lost Wages and Future Loss of Income [DE 29], and **ORDERS** that Plaintiff is prohibited from introducing evidence of her claim for loss of income, past or future.

SO ORDERED this 25th day of April, 2016.

    s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES MAGISTRATE JUDGE